PAUL KELLY, Jr., Circuit Judge,
concurring.
I concur in the court’s opinion, except the portion of § III(B) that upholds use of a deliberate ignorance instruction. Even viewing the evidence in the light most favorable to the government, see United States v. de Francisco-Lopez, 939 F.2d 1405, 1409 (10th Cir.1991), the evidence in this case fell short of proving that the defendant purposely contrived to avoid learning the truth. See United States v. Hilliard, 31 F.3d 1509, 1514 (10th Cir.1994). Though the prosecution attempted to elicit such evidence, the responses it received did not suffice.
For a deliberate ignorance instruction to be appropriate, the evidence must show that the defendant subjectively knew that the activity was criminal, not that a “reasonable person” would have known. See de Francisco-Lopez, 939 F.2d at 1409. It is not enough that the defendant should have known about the criminal venture, recklessly disregarded the truth, or was negligent in failing to inquire. See id. at 1410-11.
In my view, none of the evidence in this case establishes a direct or circumstantial inference that Mr. Hanzlicek deliberately acted to avoid actual knowledge of the illegality of the checks he signed or the collection procedures employed. Mr. Han-zlicek testified that he discussed the checks with his wife and expressed some skepticism to her, but she reassured him, explaining that the checks helped others pay off bills and Mr. Schweitzer wanted to help farmers in trouble. He stated that he was not interested in reading the documents his wife gave him to sign, and that he customarily signed documents he did not read or fully understand because his wife asked him to and she had not steered him wrong before. Such conduct does not rise to the level of intentionally failing to learn facts that would reveal that Mr. Schweitzer’s checks or collection scheme were fraudulent. Mr. Hanzlicek could be characterized as negligent or reckless in his actions. However, this does not support a deliberate ignorance instruction. See id. In addition, Mr. Hanzlicek’s testimony goes to actual knowledge of whether the checks and other documents were illegal, and this evidence cannot be used to prove deliberate ignorance of their illegality. See id. at 1410.
The government relies heavily upon the following testimony of Mr. Hanzlicek in support of the deliberate ignorance instruction:
Q: You purposely avoided going into what was behind these documents?
A: Purposely I had-I didn’t care because I didn’t enjoy researching all of this common law stuff that I didn’t understand.
Q: So long as you got the money for your loans, for your piano, for your land, for your telephone bill, it didn’t matter what was in those documents? Is that what you’re saying?
A: Yes.
Ct. Op. at 1233-34 n. 5. When Mr. Hanzli-cek gave these answers, he was being questioned about “everything that was written by the common law courts,” not about the fraudulent checks or common law court documents specifically used to collect on the fraudulent checks. It is a stretch to say that Mr. Hanzlicek’s failure to read and understand every document produced or relied upon by the common law court movement, including the Magna Carta and the Montana Constitution, provides evidence of deliberate ignorance. Surely not every unidentified document connected to the common law court is in-culpatory, even given a conspiracy. Under this circuit’s precedent, the answers to the prosecutor’s questions hardly show that Mr. Hanzlicek purposely contrived to avoid learning the truth about the checks or *1241 collection documents in order to have a defense in the event of prosecution.
To be sure, the prosecution tried to elicit testimony from Mr. Hanzlicek that he deliberately avoided inquiry into the illegality of the documents he signed, but Mr. Han-zlicek’s response merely indicates that he did not carefully scrutinize all of the common law court documents because he was not interested,in these documents and did not understand them. Disinterest and lack of understanding on a defendant’s part do not become deliberate ignorance merely because the scheme would benefit him, even when the benefits may be substantial. Taken in context and in the light most favorable to the government, the testimony simply does not support deliberate ignorance with respect to the checks and the collection documents.'
Assuming error in the tendering of the deliberate ignorance instruction, the next inquiry is harmless error. According to our precedent, this determination should be made by examining the strength of the evidence against Mr. Hanzlicek, the wording of the deliberate ignorance instruction, and whether the other instructions negate any adverse effects of the improper instruction. See Hilliard, 31 F.3d at 1516; United States v. Sasser, 974 F.2d 1544, 1552 (10th Cir.1992); United States v. Barbee, 968 F.2d 1026, 1033 (10th Cir.1992). We are also bound by the decision in United States v. Scott, 37 F.3d 1564, 1578-79 (10th Cir.1994), which applied the rationale of United States v. Stone, 9 F.3d 934, 941 (11th Cir.1993). The Scott panel cited that portion of Stone explaining how Tenth Circuit cases were consistent with Stone. See Scott, 37 F.3d at 1578.
Here, the deliberate ignorance instruction has a proper subjective focus, and the instructions as a whole contain language regarding knowing and intentional conduct. Looking at the strength of the evidence against Mr. Hanzlicek in the light most favorable to the government, a rational jury could convict Mr. Hanzlicek of the charged offenses. Mr. Hanzlicek endorsed the checks, and certainly would have benefitted had the scheme been successful. Regarding actual knowledge, Mr. Hanzlicek testified to his awareness of a 1993' “common law lien” (on which his signature appeared) that was an attempt to avoid a debt. See XVII R. at 521-24. Where evidence of actual knowledge is lacking, it is reversible error to give a deliberate ignorance instruction. See United States v. Ebert, 178 F.3d 1287, 1999 WL 261590, *31-33 (4th Cir.1999) (unpublished) (applying Stone). That is not the case here; hence, any error in giving the deliberate ignorance was harmless. See United States v. Adeniji, 31 F.3d 58, 62-63 (2d Cir.1994) (considering evidence of actual knowledge in applying Stone). Of course, even with the Stone harmless error analysis, the deliberate ignorance instruction should be used cautiously. See United States v. Mari, 47 F.3d 782, 786 (6th Cir.1995) (“We do, however, admonish the district courts against giving the deliberate ignorance instruction indiscriminately.”).